UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DAVE'S SPECIALTY IMPORTS, INC.** <br><br> Plaintiff, <br><br> vs. <br><br> **PRODUCE FOR LESS, INC.** <br><br> and <br><br> **ALEKSANDR GAVRILOV a/ka ALEXANDER GAVRILOV** <br><br> Individually and in his corporate capacity <br><br> Defendants. | CASE NO. 1:19-cv-7136 <br><br> JUDGE |

# COMPLAINT

Plaintiff Dave's Specialty Imports, Inc. ("Dave's" or "Plaintiff") brings this action against Defendants Produce for Less, Inc. ("PFL"), and Aleksandr Gavrilov a/k/a Alexander Gavrilov ("Gavrilov"), individually and in his corporate capacity (all Defendants collectively "All Defendants") for damages and injunctive relief as follows:

## I. JURISDICTION

1. Federal Question jurisdiction is vested in this Court pursuant to the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(b)(2) and §499e(c)(5)(i) ("PACA"). This Court also has ancillary jurisdiction over Plaintiff's state based claims pursuant to 28 U.S.C. §1367(a).

## II. VENUE

2. Venue is proper in this district pursuant to 28 U.S.C. §1391 in that the transactions which are the subject of this action occurred in this district and the property that is the subject of this action is located in this district.

### III.  PARTIES

3. Dave's, a Florida Corporation with its principal place of business in Coral Springs, Florida, is engaged in the business of selling wholesale quantities of perishable agricultural commodities through interstate commerce, and holds a valid PACA License number 19921475 in good and active standing.

4. PFL is a New York Corporation, with its principal place of business in Brooklyn, New York.  At all times relevant, PFL acted as a dealer and commission merchant of perishable agricultural commodities through interstate commerce in New York, and as such is subject to PACA. PFL holds/held valid PACA License number 20180568.

5. Gavrilov was at all times relevant herein a responsible owner, shareholder, partner, officer and/or director of PFL, and person in control of, and responsible for, the day to day operations of PFL, and for the disposition of PFL's PACA trust assets, over which he owes statutory fiduciary duties to Plaintiff.

### COUNT I

### ALL DEFENDANTS

**(Failure to Maintain Trust)**

6. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

7. At All Defendants' request, Plaintiff sold perishable agricultural commodities on credit to PFL in interstate commerce, as set forth in the following table:

| DEFENDANT | DATE OF TRANS-ACTION | COMMODITIES | PRINCIPAL AMOUNT UNPAID | PRINCIPAL AMOUNT[1] UNPAID PLUS INTEREST |
|---|---|---|---|---|
| All Defendants | 11-Nov-2019 to 22-Nov-2019 | Blueberries | $163,353.00 | $163,353.00 |

(*See* Trust Chart, unpaid Invoices and Bills of Lading attached hereto as Exhibit A)

8.    Plaintiff duly delivered the perishable agricultural commodities to All Defendants.

9.    All Defendants received and accepted the perishable agricultural commodities from Plaintiff.

10.   Pursuant to the contract and payment terms between the parties, All Defendants are in default with respect to the payment of $163,353.00 outstanding to Plaintiff, plus accruing interest and attorneys' fees.

11.   Pursuant to the trust provisions of PACA, 7 U.S.C. §499e(c)(2) and the Code of Federal Regulations promulgated thereunder, upon receipt of said commodities, a statutory trust arose in favor of Plaintiff as to all commodities received by All Defendants, all inventories or other products derived from said commodities, and the proceeds derived from the sale of such commodities, until full payment is made for said commodities by All Defendants to Plaintiff.

12.   All Defendants have failed and refused to pay for the commodities they ordered, received and accepted from Plaintiff, despite due demand.

13.   On the outstanding invoice sent by Plaintiff to All Defendants, Plaintiff, as a PACA licensee, placed the language statutorily prescribed by PACA to be placed on all invoices by a licensee to notify the buyer that a seller/supplier of perishable agricultural commodities is preserving its rights as a beneficiary to the statutory trust [7 U.S.C. §499e(c)(4)] (*See* Exhibit A attached hereto).

---

[1] Plus accruing interest and attorneys' fees.

14. Plaintiff is an unpaid creditor, supplier and seller of perishable agricultural commodities as those terms are defined under PACA.

15. Upon information and belief, All Defendants have dissipated and are continuing to dissipate the *corpus* of the statutory trust that arose in favor of Plaintiff and grew upon each delivery to All Defendants of perishable agricultural commodities.

16. The failure of All Defendants to hold in trust for the benefit of Plaintiff such perishable agricultural commodities received by them from Plaintiff, and all inventories of food or other products derived from said commodities, and the proceeds from the sale of such commodities until full payment of the sums owing to Plaintiff for said commodities is made, constitutes a violation of PACA and PACA Regulations and is unlawful.

17. As a direct and proximate result of All Defendants' failure described above, Plaintiff has suffered damages.

## COUNT II

## ALL DEFENDANTS

### (Dissipation of Trust Assets)

18. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

19. Upon information and belief, proceeds obtained from the resale of the perishable agricultural commodities purchased on credit from Plaintiff that were needed to make full payment promptly to trust beneficiaries as required by PACA, were improperly expended for other purposes.

20. On the face of each invoice generated by Plaintiff for produce sales to All Defendants, Plaintiff, as a PACA licensee, included the language prescribed by statute [7 U.S.C.

§499(e)(c)(4)] as notification of its intent to preserve the benefits of the statutory trust (*See* Exhibit A attached hereto).

21.     Upon information and belief, All Defendants received funds subject to the trust arising under 7 U.S.C. §499e(c), which should have been used to pay Plaintiff's outstanding invoices, but were not.

22.     As a direct and proximate result of the dissipation of trust assets by All Defendants, Plaintiff has suffered damages.

## COUNT III

## PFL

**(Failure to Pay Trust Funds/Unfair Conduct) (7 U.S.C. §499b)**

23.     Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

24.     PFL has failed and refused without reasonable cause to pay Plaintiff the amount of $163,353.00 from the statutory trust, plus accrued interest and attorneys' fees, which sum is unpaid and overdue to Plaintiff for the perishable agricultural commodities received and accepted from Plaintiff.

25.     The failure of PFL to make said payment to Plaintiff from the statutory trust fund without reasonable cause constitutes unfair conduct, and is a violation of PACA [7 U.S.C. §499(b)] and PACA Regulations, and, as a direct and proximate result, Plaintiff has suffered damages.

## COUNT IV

## ALL DEFENDANTS

**(Breach of Fiduciary Duty/Non-Dischargeability) [11 U.S.C. §523(a)(4)]**

26. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

27. Between November 11 and November 22, 2019, Gavrilov managed, controlled and directed the purchase of perishable agricultural commodities on credit from Plaintiff on behalf of PFL.

28. Upon information and belief, All Defendants received, in the regular course of business, funds subject to the PACA statutory trust which were not used for the payment of Plaintiff's outstanding invoices.

29. Upon information and belief, All Defendants, in breach of their fiduciary obligations arising under PACA, directed the disbursement of trust funds for purposes other than making full and prompt payment to Plaintiff as required by PACA, 7 U.S.C. §499b(4), thereby heightening liability herein to a state of non-dischargeability pursuant to 11 U.S.C. §523(a)(4).

30. As a result of the foregoing, All Defendants violated their fiduciary duties as trustees of the PACA trust in failing and refusing to make the payments required to satisfy the priority trust interests of Plaintiff and, as a direct and proximate result, Plaintiff has suffered damages.

## COUNT V

## PFL

**(Action on Account/Breach of Contract)**

31. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

32. Between November 11 and November 22, 2019, PFL contracted with Plaintiff to purchase perishable agricultural commodities on credit (*See* Exhibit A attached hereto).

33. Plaintiff performed all terms and conditions under the contracts.

34. Pursuant to the payment terms of the contracts, PFL is in default to Plaintiff on all amounts unpaid and outstanding.

35. PFL breached its obligation to perform under the contracts by failing and refusing to pay Plaintiff the sum of $163,353.00, plus accruing interest and attorneys' fees. As a direct and proximate result of non-payment, Plaintiff has suffered damages.

## COUNT VI

## ALL DEFENDANTS

### (Interest and Attorneys' Fees)

36. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

37. Pursuant to PACA, 7 U.S.C. §499e(c), and the Code of Regulations promulgated thereunder, All Defendants were statutorily required to maintain a trust in favor of Plaintiff in order to make <u>full payment</u> to Plaintiff of said amount.

38. As a result of the failure of All Defendants to maintain the trust and to make full payment promptly, Plaintiff has been required to pay attorneys' fees and costs in order to bring this action to compel payment of the trust *res*.

39. As a result of the failure of All Defendants to comply with their statutorily mandated duties to maintain the trust and make full payment promptly, Plaintiff has lost the use of said money.

40. Plaintiff will not receive full payment as required by PACA, 7 U.S.C. §499e(c), if it must expend part of said payment on attorneys' fees, and litigation costs, and also suffer the loss

of interest on the outstanding amounts owed, all because of violations by All Defendants of their statutory duties to maintain the trust and make full payment promptly.

41. Plaintiff maintains claims for interest and attorneys' fees as sums owing in connection with the produce transaction pursuant to 7 U.S.C. §499e(c), as damages on its reparations award pursuant to 7 U.S.C. §499e(c), and provisions of federal and/or state law governing contracts.

**WHEREFORE**, Plaintiff respectfully prays that this Court issue an Order:

a. granting non-dischargeable judgment in favor of Plaintiff Dave's Specialty Imports, Inc. and against All Defendants, jointly and severally, in the amount of $163,353.00 together with accruing pre- and post-judgment interest, attorneys' fees and costs of this action;

b. declaring and directing All Defendants, jointly and severally, to establish and/or preserve trust funds consisting of funds sufficient to pay Plaintiff's PACA trust claim of $163,353.00, plus accruing prejudgment interest;

c. enjoining, until the entry of the relief herein requested and compliance therewith, All Defendants, jointly and severally, and their agents, employees and representatives from in any way, directly or indirectly, transferring, assigning or otherwise disposing of the above-described trust funds, or any interest therein, in whole or in part, absolutely or as security;

d. declaring and directing All Defendants, jointly and severally, to assign, transfer, deliver and turn over to Plaintiff as much of the above-described trust funds as is necessary to fully compensate Plaintiff for the damages it has suffered and continues to suffer; and

e. granting Plaintiff reasonable costs and expenses, including attorneys' fees in this action, and such other relief, whether in law or in equity, as this Court deems just and proper.

Respectfully submitted,

/s/ Ryan M. Gembala
Ryan M. Gembala (OH ID #0079431)
*Pro Hac Vice* Applied
O'TOOLE, MCLAUGHLIN, DOOLEY & PECORA CO. LPA
5455 Detroit Rd.
Sheffield Village, Ohio 44054
Telephone: (440) 930-4001
Facsimile: (440) 934-7205
Email: rgembala@omdplaw.com
*Counsel for Plaintiff Dave's Specialty Imports, Inc.*