# USHER LAW GROUP P.C.
Attorneys and Counselors at Law

Mikhail Usher ▪▪ ○
Krista L. Thompson ○*
Jason Valentin ○*
Thomas Mirigliano ▪*
Admitted in: ▪ NY ○ NJ ○ FL
Of Counsel *

2711 Harway Avenue
Brooklyn, New York 11214
(t) (718) 484-7510
(f) (718) 865-8566
(e) Musheresq@gmail.com

March 26, 2021

*VIA ECF*

**Judge LaShann DeArcy Hall**
U.S. District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York

Re: **DAVES SPECIALTY IMPORTS, INC. V. PRODUCE FOR LESS, INC. ET AL
CASE NO.: 1:19-CV-7136
REQUEST TO CONSIDER DENYING MAGISTRATES RECOMMENDATON
FOR DEFAULT JUDGMENT AND PUTTING THE MATTER BACK ON THE
CALENDAR DUE TO EXCUSABLE NEGLECT BY DEFENDANTS**

Your Honor,

My name is Mikhail Usher and I have been just recently retained to represent the Defendant Produce for Less, Inc. and Aleksandr Gavrilov a/k/a Alexander Gavrilov in the above captioned matter. I have submitted an Appearance of Counsel on the docket for this case.

Undersigned counsel respectfully requests that this Court accept this correspondence in lieu of a formal motion to prevent excessive motion practice and unnecessary filings, preserve the courts limited resources during these turbulent times in advance of the default motion being

granted, as there has been no final judgment entered in this matter. Furthermore, undersigned counsel on Defendant's behalf, is respectfully requesting to vacate the Magistrate's Recommendation to grant the Motion for Default Judgment at this time.

The Federal Rules of Civil Procedure Rule 60(B)(1) states in relevant part that *"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for (1) excusable neglect."*

The Second Circuit takes the stance that a court should vacate a default judgment except upon showing of willful or culpable conduct or bad faith on the part of the movant. Although courts may consider other factors such as whether the defendant has a meritorious defense and whether the non-defaulting party would be prejudiced if the default were to be set aside, ultimately the nature of the defaulting party's conduct determines the result.

In the default judgment context, courts generally examine three criteria to determine whether to vacate a judgment: "(1) whether the default was willful; (2) whether defendant has a meritorious defense; and (3) the level of prejudice that may occur to the non-defaulting party if relief is granted." (*See* Davis v. Musler, 713 F.2d 907, 915 (2d Cir.1983)).

## **WILLFULNESS**

The Second Circuits precedent on "willfulness" has been interpreted in a way in which the Courts tend to refuse to vacate a judgment where the moving party had apparently made a strategic decision to default. (*See* United States v. Erdoss, 440 F.2d 1221 (2d Cir.), *cert. denied,* 404 U.S. 849, 92 S.Ct. 83, 30 L.Ed.2d 88 (1971); Dal International Trading Co. v. Sword Line, Inc., 286 F.2d 523 (2d Cir.1961); Benton v. Vinson, Elkins, Weems & Searls, 255 F.2d 299 (2d Cir.), *cert. denied,* 358 U.S. 885, 79 S.Ct. 123, 3 L.Ed.2d 113 (1958)).

At no point in time has the Defendant acted willfully, or in bad faith, with respect to this matter. Originally, after this matter was submitted to the Court, the Defendant sought competent counsel to represent him. Defendant had found an attorney, but the attorney never was fully retained, and the Defendant never ended up being represented by counsel in this matter.

Defendant, having extremely limited legal knowledge, was not fully aware of the progress of the matter nor his responsibility to answer or how to do so.

After the seriousness and urgency of the situation came to Defendant's attention, the worldwide COVID-19 pandemic and the lockdowns seriously hampered his ability to both retain legal counsel or even know how to proceed further.

Defendant, suffering from a major loss of income due to the pandemic and especially due to the nature of this claim against him, was unable to find an attorney who would represent him in this matter without substantial payment which he seriously lacked.

In the Plaintiff's proposal for Default Judgment, Plaintiff has provided no evidence that Defendant has acted in bad faith in this matter. Defendant is a lay person that acted as best he could under extraordinary circumstances.

## MERITORIOUS DEFENSES

Default judgments are generally disfavored, criteria for vacating a default judgment under Federal Rule of Civil Procedure governing motions for relief from judgment, including the *"meritorious defense"* factor, such motions should be construed liberally. (Fed. R. Civ. P. 60(b), 28 U.S.C.A. State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158 (2d Cir. 2004).

Defendant has several meritorious defenses, as ultimately, Defendant is not the individual responsible for debts in question. Whether a defense is *"meritorious,"* is measured not by whether there is likelihood that such a defense will carry the day, but by whether the evidence submitted, if proven at trial, would constitute a complete defense. (*See* Fed. R. Civ. P. R. 60(b), 28 U.S.C.A. State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158 (2d Cir. 2004).

Defendant is a victim of identity theft, as he was not the one who purchased these goods. Defendant shared a warehouse with another company, and without his authorization or permission, this individual used Defendant's computer to make the orders in question, and then continued to accept the goods, thereafter, leaving the warehouse and was never to return with the goods. Defendants have evidence to present to the Court to that affect if given the opportunity to do so.

Many of the causes of action against Defendant are factually incorrect, as Defendant never ordered such perishable goods, and Defendant never accepted these goods, nor did any of defendant's employees or authorized agents.

## **PREJUDICE**

In the discretionary determination of whether to grant a motion to vacate judgment based upon excusable neglect, the court should consider relevant factors, such as the extent of the delay, prejudice or lack of prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits (*See* Schmidt v. City of New York, 50 A.D.3d 664, 854 N.Y.S.2d 741; Schonfeld v. Blue & White Food Prods. Corp., 29 A.D.3d 673, 674, 814 N.Y.S.2d 711; Orwell Bldg. Corp. v. Bessaha, 5 A.D.3d 573, 574, 773 N.Y.S.2d 126). If your honor decides to not grant the Plaintiff's Motion for Default Judgment,

the Plaintiffs will experience minimal prejudice in this matter. However, if the motion is granted and the Defendants are not permitted to present their meritorious defenses, the Defendants will be extremely prejudiced because they will be held liable for hundreds of thousands of dollars in damages, without the ability to have their day in Court.

The Defendants are just as much of a victim in this matter as the Plaintiffs and respectfully request this Court grant them an opportunity to present their defenses to this Court.

The Parties who made the orders in question and who used the Defendant's identity to do so should be brought before this Court and made to pay damages to both Plaintiffs and Defendants, and if this Court grants the Defendants application herein, the Defendants will move to join the parties in question to this matter forthwith. Permitting the Defendants to have their day in Court is interest of justice, and the Defendants ask that this Court consider the strong public policy in favor of adjudicating matters on their merits.

Defendants, therefore, respectfully request that the Court consider the above arguments and assertions in their totality and deny the Magistrate's Recommendation to grant the Motion for Default Judgment against the Defendants, put the case back on the active calendar, grant Defendant time to submit responsive pleadings which would permit Defendants to have their day in Court, and resolve this issue on its merits.

Thank you for your time and attention to this matter. If the Court has any questions or concerns, please feel free to contact my office at any time.

Respectfully yours,
/Mikhail Usher, Esq./
MIKHAIL USHER, ESQ.
*Attorney at Law*

CC: Ryan M. Gembala, Esq.
O'TOOLE, MCLAUGHLIN, DOOLEY & PECORA CO. LPA
5455 Detroit Road
Sheffield Village, OH 44054

Matthew Anderson Dooley, Esq.
O'TOOLE, MCLAUGHLIN, DOOLEY & PECORA CO. LPA
5455 Detroit Road
Sheffield Village, OH 44054

Craig Alan Stokes, Esq.
Stokes Law Office LLP
3330 Oakwell Court Suite 225
San Antonio, TX 78218