UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

DAVE'S SPECIALTY IMPORTS, INC.,

                    Plaintiff,

v.

RODUCE FOR LESS, INC., and ALEKSANDR GAVRILOV a/k/a ALEXANDER GAVRILOV,

                    Defendants.

---

**MEMORANDUM AND ORDER DENYING MOTION TO VACATE ENTRY OF DEFAULT AND ADOPTING REPORT AND RECOMMENDATION**

19-cv-7136 (LDH) (PK)

L SHANN D EARCY HALL, United States District Judge:

## BACKGROUND

On March 12, 2021, Magistrate Judge Kuo filed two report and recommendations (the "R&Rs") recommending that the Court grant the motions for default judgment filed by Plaintiff Dave's Specialty Imports, Inc. and Intervenor-Plaintiffs Avocavi Produce, LLC, FR Fresh Produce, LLC, and NS Brands Ltd.  (R&Rs, ECF Nos. 43, 44.)  Defendants have now appeared.  Defendants do not object to any aspect of the R&Rs but instead move to vacate the default judgment pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure.  (Defs.' Mot., ECF No. 48.)  As default judgment has not yet been entered, the Court construes this as a motion to set aside an entry of default for good cause pursuant to Rule 55(c) of the Federal Rules of Civil Procedure.  The Court assumes the parties' familiarity with the facts of this case as detailed in the R&Rs.

## DISCUSSION

Under Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . ., the clerk must enter the party's default."  Fed. R. Civ P. 55(a).  Under Rule 55(c), the court may set aside an entry of default "for good cause."  Fed. R. Civ. P. 55(c).  The Second Circuit has established

three criteria that must be assessed in order to decide whether to relieve a party from default: (1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party. *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015). The standards for deciding whether to set aside a default or a default judgment are sufficiently similar that courts may look to Rule 60(b) decisions in deciding Rule 55(c) cases and vice versa. *Gov't Emps. Ins. Co. v. Anikeyev*, No. 14-CV-3775 (KAM)(SMG), 2016 WL 1275042, at *2 n.1 (E.D.N.Y. Mar. 31, 2016) (collecting cases).

I. **Willfulness**

"Willfulness," in the context of a default, is conduct that is "more than merely negligent or careless," but is instead "egregious and not satisfactorily explained." *Bricklayers*, 779 F.3d at 186 (internal modification omitted). That said, "a finding of bad faith is not a necessary predicate to concluding that a defendant acted willfully." *Id.* at 187 (internal modification and quotations omitted). Rather, it is sufficient to conclude "that the defendant defaulted deliberately." *Id.* Of the three factors, "willfulness carries the most weight." *De Curtis v. Ferrandina*, 529 F. App'x 85, 86 (2d Cir. 2013). Defendants bear the burden of demonstrating that their default was not willful. *Jaramillo v. Banana King Rest. Corp.*, No. 12-CV-5649, 2016 WL 1084729, at *2 (E.D.N.Y. Feb. 26, 2016), *report and recommendation adopted*, No. 12-CV-5649, 2016 WL 1108956 (E.D.N.Y. Mar. 18, 2016), *aff'd sub nom. Jaramillo v. Vega*, 675 F. App'x 76 (2d Cir. 2017).

Here, Defendants argue that they have not acted willfully in defaulting. (Defs.' Mot. 3.) Defendant Gavrilov is the owner, shareholder, partner, officer and/or director of Defendant Produce for Less. (*See* R&R at 2, ECF No.43.) Defendant Gavrilov explains that after he

received notice of this lawsuit, he sought counsel, but then never retained the lawyer. (*Id.*) With limited legal knowledge and without a lawyer, he was not fully aware of the progress of the lawsuit nor his responsibilities. (*Id.*) Once he became aware of the urgency of the situation, COVID-19 hampered his ability to retain counsel or otherwise proceed. (*Id.*) According to Defendants, these circumstances do not support a finding that Defendants behaved willfully. (*Id.*) The Court disagrees.

Importantly, in making this argument Defendants concede that they have been aware of this lawsuit since prior to the onset of the COVID-19 pandemic, which means they have been aware of the lawsuit for over a year. The complaint and summons were served on January 17, 2020. (ECF Nos. 15, 16.) On January 28, 2020, the Court held a preliminary injunction hearing, at which Defendants did not appear. (January 28, 2020 Minute Entry.) Plaintiffs moved for default judgment on March 6, 2020, and April 2, 2020. (ECF Nos. 30, 35.) Defendants were served with the motion papers via U.S. mail. (*See* ECF No. 32.) Defendants do not contest that they were served the complaint, notice of the preliminary injunction hearing, or notice of the default judgment motion. However, at no point over the last 14 months since Defendants were first served did they choose to inquire with the Court about what was required of them or respond in any other way. Failure to appear in this action for over a year supports a finding of willfulness. *See Bricklayers*, 779 F.3d at 186 (finding that Defendant's conduct was willful where Defendants were aware of the legal action against them but failed to file a responsive pleading for over nine months after the receipt of the summons and complaint, and nearly eight months after defendants were informed that plaintiffs had requested an entry of default); *Guggenheim Capital, LLC,* 722 F.3d at 455 (finding willful default where defendant "does not deny that he received the complaint, the court's orders, or the notice of default judgment" and

3

"does not contend that his non-compliance was due to circumstances beyond his control"); *Circuito Cerrado, Inc. v. Velasquez*, 296 F.R.D. 122, 126 (E.D.N.Y. 2013) ("A default is deemed willful where a defendant simply ignores the complaint without action.").

Moreover, an unfamiliarity with the legal system or the law does not excuse willful default. *See Jaramillo*, 2016 WL 1084729, at *2 (finding default willful where defendant argued he was without counsel or access to ECF and has a limited understanding of the American legal system); *Manney v. Intergroove Tontrager Vertriebs GMBH*, No. 10-CV-4493 (SJF)(WDW), 2012 WL 4483092, at *3 (E.D.N.Y. Sept. 28, 2012) (observing that a lack of legal sophistication or a pro se party's unfamiliarity with the legal system does not compel a finding of willfulness for the purposes of excusable neglect under Rule 60(b)(1) (citing *Solomon v. 318 Fashion, Inc.*, No. 93-CV-7699, 1994 WL 702008, at *1 (S.D.N.Y. Dec. 14, 1994)).

The Court's determination that the default was willful is alone sufficient to support the denial of the motion to vacate, and the Court need not consider the other two factors. *See Jaramillo*, 675 F. App'x at 76 (affirming denial of motion to vacate a default judgment where the district court only considered willfulness).

## II. Meritorious Defense

Even considering Defendants' proffered meritorious defense, the outcome does not change. "A defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993); *see, e.g.*, *Bricklayers*, 779 F.3d at 187 (holding that conclusory denials are insufficient to satisfy the defendant's "burden of offering evidence sufficient to establish a complete defense."). Failure to provide evidence supporting any claim of a meritorious defense is fatal on a motion to vacate. *Compare McLean v. Wayside Outreach Dev. Inc.*, 624 F. App'x

4

44, 45 (2d Cir. 2015) (summary order) (finding that the district court did not abuse its discretion in declining to set aside a default where defendant's defense was made in conclusory terms and not accompanied by any supporting evidence) *with Enron Oil Corp.*, 10 F.3d at 98 (reversing district court and finding that district court should have granted defendant's motion to set aside the entry of default where defendant provided an affidavit in support of its meritorious defense).

Here, Defendants state that Defendant Gavrilov did not purchase the good at issue. (Defs.' Mot. 4.) Rather, another individual used Defendant Gavrilov's computer without his permission to make the orders, accepted the goods, and absconded with the goods. (*Id.*) Defendants state vaguely that they have evidence in their possession regarding this fraud, but do not offer that evidence for the Court's review nor proffer anything else related to this purported evidence. (*Id.*) As Defendants failed to present any evidence in support of their claim of a meritorious defense, the Court has no basis to find that Defendants have offered more than a conclusory denial of the claims. The Court need not reach the question of whether Plaintiffs would suffer prejudice if the Court were to vacate the entry of default as the Court is persuaded that the default was willful and unpersuaded that the defaulting party has a meritorious defense. *See Bricklayers*, 779 F.3d at 187 (declining to evaluate prejudice after finding the first two factors supported a denial of a motion to vacate an entry of default).

## CONCLUSION

For the foregoing reasons, Defendants' motion [48] to vacate the clerk's entry of default is DENIED. The parties have filed no other objections to the R&Rs. As to Plaintiff Dave's Specialty Imports, Inc., the R&R [43] recommends that its motion [30] for default judgment be granted, and that it be awarded: $163,353 in damages; $13,434.40 in attorneys' fees; $2,493.01 in costs; and prejudgment interest as follows: $30.14 in interest per day from November 27, 2019

until the date of judgment; $45.76 in interest per day from December 1, 2019 until the date of judgment; and $31.50 in interest per day from December 8, 2019 until the date of judgment.  As to intervenor-Plaintiffs Avocavi Produce, LLC, FR Fresh Produce, LLC, and NS Brands Ltd., the R&R [44] recommends that their motion [35] for default judgment be granted in part and denied in part.  The R&R recommends that Avocavi be awarded $16,680.00 in damages and $8.23 per day in prejudgment interest from November 21, 2019 until the date of judgment.  The R&R recommends that FR Fresh be awarded $106,960.00 in damages; $16.57 per day in prejudgment interest from October 16, 2019 until the date of judgment; $19.45 per day in prejudgment interest from November 7, 2019 until the date of judgment; and $16.73 per day in prejudgment interest from December 22, 2019 until the date of judgment.  The R&R recommends that NS Brands be awarded $217,030.70 in damages and $53.51 per day in prejudgment interest from January 28, 2020 until the date of judgment.  Moreover, the R&R recommends that Intervenor-Plaintiffs be granted $2,658.40 in attorneys' fees, but be denied any award of costs.  The Court has reviewed the R&Rs for clear error and, finding none, hereby ADOPTS the R&Rs in their entirety as the opinion of this Court.  The Clerk of Court is directed to enter judgment and close this case.

                                                            SO ORDERED.

                                                /s/ LDH
                                                LaSHANN DeARCY HALL
                                                United States District Judge

Dated: Brooklyn, New York
       March 31, 2021